FILED
APR 18 2011

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CR 98-10034 |
| | \* | CIV 11-1011 |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | OPINION AND ORDER |
| | \* | |
| DAVID EARL ANTELOPE, | \* | |
| | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to aggravated sexual abuse and was sentenced on July 1, 1999, to 262 months custody. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. He has since filed a motion for release from segregation and a motion for transcript. Both motions were denied and the defendant was advised that, absent the filing of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, this Court has no jurisdiction to entertain defendant's motions.

Defendant has now filed a motion for modification of sentence. He claims that a change in the law that was made retroactive by the United States Supreme Court would result in the three criminal history points he received for a 1980 rape conviction not being counted against him because the conviction was too old. The three criminal history points in question concern a rape conviction from 1980. Defendant was released from prison on September 15, 1988. The offense in this case occurred on September 9, 1998. The three criminal history points were assessed pursuant to Guidelines § 4A1.2(e)(1), which provided in 1998, and still provides:

> Any prior sentence of imprisonment exceeding one year and once month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The three criminal history points at issue were properly imposed and no Supreme Court case or act of Congress has altered that rule. In any event, the defendant's sentence was imposed after an upward departure to criminal history category VI, based upon the defendant's past criminal conduct and the likelihood that he would commit other crimes.

Defendant has previously been advised that his criminal case is closed. He has further been advised that any motion to vacate pursuant to 28 U.S.C. § 2255 would be untimely unless defendant can set forth a basis for tolling the one year limitations period. He has not done so.

Now, therefore,

IT IS ORDERED that the motion for modification of sentence is denied.

Dated this 18th day of April, 2011.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
         DEPUTY
(SEAL)

2